# Brown v. Burr, Appellant.

*Contract—Architect—Evidence—Certificate—Proof of contents.*

Plaintiff sued to recover the unpaid balance due him for work in preparing plans and drawings for a building erected by defendant. Defendant alleged that the plant for heating the building was unsatisfactory, and that as this had been built after drawings made by plaintiff, the fault was his and the loss to defendant should be set off against his demand. After the heating works were put in, plaintiff gave to the plumber a certificate to show that the work was finished in accordance with the plans. *Held,* that the mere fact of the giving of the certificate was not sufficient to charge plaintiff with liability, but that the certificate itself must be produced in evidence, or accounted for; and that plaintiff's answer that he had given a certificate of a general character could not be used as proof of the contents of the certificate without some further showing.

*Payment—Evidence—Question for jury.*

In the above case plaintiff acknowledged that he had received two hundred dollars. Defendant produced a check indorsed by plaintiff showing a payment of one hundred and fifty dollars. *Held,* that the question whether the check was part of the two hundred dollars, or in addition thereto, was a question of fact for the jury.

Argued Feb. 19, 1894. Appeal, No. 370, Jan. T., 1893, by defendant, A. E. Burr, from judgment of C. P. Lackawanna Co., April T., 1890, No. 845, on verdict for plaintiff, Frederick L. Brown. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover value of plans and specifications for a building. Before SEELEY, P. J.

At the trial, it appeared, that in 1888 plaintiff was employed by defendant to prepare plans and specifications for a building to be erected on Washington avenue in the city of Scranton, for a price agreed upon. Defendant claimed that one of the provisions of this contract was that plaintiff should supervise the building as it progressed in all its details. This plaintiff denied. Plaintiff also prepared plans and specifications for the plumbing and steam heating of the building, and, on the completion of that work, gave a certificate to defendant that he considered the work completed according to the plans and specifications. The plumbing and steam heating were found defec-

tive and defendant was compelled to perfect it. The items of this expense were offered as a set-off. The building was completed in the spring of 1889, and plaintiff admitted having received two hundred dollars before that time. At the trial of the case defendant produced a check for one hundred and fifty dollars dated Dec. 4, 1889, which plaintiff admitted he had received on account of the work. Further facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for the full amount of his claim. Defendant appealed.

*Errors assigned* were instructions referred to in the opinion of the Supreme Court, quoting them.

*W. S. Hulslander* and *A. A. Vosburg*, for appellant.

*J. Alton Davis, Chas. H. Wells* and *D. W. Connolly* with him, for appellee.

PER CURIAM, March 26, 1894:

The appellant complains that the charge of the learned judge was misleading. The answers to points presenting the legal questions involved are not complained of, but it is alleged that the charge as a whole was calculated to prejudice the case of the defendant. After a careful examination of it we are not able to reach such a conclusion. The plaintiff sued to recover the unpaid balance due him for work in preparing plans and drawings for a building erected by the defendant. The defence alleged that the plant for heating the building was unsatisfactory, and that as this had been built after drawings made by the plaintiff, the fault was his and the loss to the defendant should be set off against his demand. This raised questions of fact that were for the determination of the jury and were fairly submitted to them. It appeared that the plaintiff had, after the heating works were put in, given to the plumber a certificate to show that the work was finished in accordance with the plan. The defendant sought to make use of this fact to fix the plaintiff with liability for the defective work of the plumber, without putting the certificate in evidence or proving its loss. The learned judge was right in holding that the certificate itself should be put in evidence or accounted for; and that the answer of the plaintiff that he had given a certificate of the

general character stated in the question was not to be used as proof of the contents of the certificate without some further showing.

It was further alleged by the defendant, that he had given to the plaintiff one hundred and fifty dollars, by check, to apply upon his work, in addition to the two hundred dollars credited to him. Whether this check was part of the two hundred dollars the plaintiff had acknowledged paid to him, or was in addition thereto, was a question of fact, and it was not error to submit it to the jury upon the evidence.

The assignments are not sustained and the judgment is affirmed.